UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REDWOOD CHRISTIAN SCHOOLS, et al., | No. C-01-4282 SC |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO FILE AMENDED ANSWER |
| v. | |
| COUNTY OF ALAMEDA, et al., | |
| Defendants. | |

**I.   INTRODUCTION**

Defendants County of Alameda et al. ("Defendants") filed a Motion for Leave to File an Amended Answer pursuant to Federal Rule of Civil Procedure 15(a).  Dkt. No. 251.  Plaintiffs Redwood Christian Schools et al. ("Plaintiffs") oppose Defendants' Motion. Dkt. No. 291.

**II.  BACKGROUND**

In their Motion, Defendants seek to amend their Answer to: 1) add new affirmative defenses, 2) admit certain allegations, and 3) clarify certain denials.  In their Opposition, Plaintiffs state no opposition to Defendants' proposed amendments to admit certain allegations and clarify certain denials.

//

//

### III. **LEGAL STANDARD**

Once the opposing party has filed a responsive pleading, a party may amend its pleadings "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15(a) provides that such leave "shall be freely given when justice so requires." Id. This rule is applied with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Nonetheless, the decision to grant or deny a motion to amend is committed to the discretion of the district court, and the court may deny leave where there is "any apparent or declared reason" for doing so. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has identified "four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). "Prejudice is the touchstone of the inquiry under rule 15(a)." Eminence Capital, 316 F.3d at 1052. Absent prejudice, there is a presumption in favor of granting leave to amend. Id.

In addition, "[a] motion for leave to amend may be denied if it appears to be futile or legally insufficient." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Id. Thus, evaluating whether a proposed amendment is futile is guided by the same standard as a Rule 12(b)(6) motion to dismiss. Id.

## IV. DISCUSSION

On December 8, 2006, this Court permitted Defendants to file the present Motion, which contrary to Plaintiffs' assertions, does not violate a prior scheduling order.

Plaintiffs have not made the requisite showing of prejudice to defeat Defendants' Motion. No additional discovery is required for Plaintiffs to respond to the proposed new affirmative defenses. The questions of law raised by these proposed defenses have already been addressed by the parties in discovery. See Pls.' Opp'n at 7. Indeed, Plaintiffs and Defendants have already fully briefed these issues of law in their motions in limine.

The remaining three factors also weigh in favor of permitting amendment. First, there is no evidence of undue delay. When Defendants' new counsel discovered the issue, they contacted Plaintiffs to discuss a stipulation to amend the answer and filed their Motion soon after agreement could not be reached. See Meny Decl., ¶ 2-3, Dkt. No. 252. Similarly, there is no evidence of bad faith or dilatory motive.

Finally, the amendments would not be futile. A motion to amend the answer will be denied on the ground of futility only if it appears beyond doubt that the defendants can prove no set of facts in support of the proposed amendment. See, generally, Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). Here, Defendants may be able to prove that the new affirmative defenses have merit. The Court will consider Defendants' legal arguments on these issues in its review of the motions in limine.

In summary, the relevant factors weigh in favor of granting

3

leave to amend; there is no evidence in the record that Defendants' Motion constitutes undue delay, bad faith, futility of amendment, or prejudice to the opposing party.

**V.   CONCLUSION**

For the reasons stated herein, Defendants' Motion for Leave to File an Amended Answer is GRANTED.  Defendants should e-file a signed and dated Amended Answer by January 25, 2007.

IT IS SO ORDERED.

Date:   January 19, 2007

_____
UNITED STATES DISTRICT JUDGE

4