UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REDWOOD CHRISTIAN SCHOOLS, | ) | No. C-01-4282 SC |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING |
| | ) | MOTIONS IN LIMINE |
| v. | ) | |
| | ) | |
| COUNTY OF ALAMEDA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**I. PLAINTIFF'S MOTIONS IN LIMINE**

**PLAINTIFF'S MOTION IN LIMINE 1: To Exclude Evidence of Interests That are Not Compelling**

Plaintiff's Motion is DENIED. At trial, Defendants will have the opportunity to present evidence in support of their arguments as to why the Planning Commission's denial of the Conditional Use Permit ("CUP") was in furtherance of compelling interests. If necessary, it will be up to the jury to determine, in accordance with the Court's jury instructions, whether Defendants' stated interests were legitimate and sufficiently compelling to carry their burden.

**PLAINTIFF'S MOTION IN LIMINE 2: To Exclude Any Evidence of Defendants' Interests Other Than Those Already Alleged**

Plaintiff's Motion is DENIED. There is no law that provides

1  grounds for limiting Defendants in this manner.

3  **PLAINTIFF'S MOTION IN LIMINE 3: To Exclude Evidence That**
4  **Defendants Used the Least Restrictive Means to Protect Any of**
5  **Their Interests**

6  Plaintiff's motion is DENIED.  The parties have presented
7  conflicting evidence as to whether Defendants used the least
8  restrictive means when denying the CUP.  Plaintiff asserts that
9  Defendants' outright denial cannot meet this standard whereas
10 Defendants assert that Plaintiff foreclosed less restrictive
11 options by only allowing a vote on one proposal.  If necessary,
12 the jury will determine which side is correct.

14 **PLAINTIFF'S MOTION IN LIMINE 4: To Exclude Evidence of Other**
15 **Properties Redwood Might Have Purchased**

16 Plaintiff's motion is DENIED.  This evidence would go to the
17 substantiality of the burden which the denial of the CUP allegedly
18 caused Plaintiff.  If Plaintiff claims it continued searching for
19 alternative properties and was unable to find anything suitable,
20 the availability of alternative sites is relevant in response.
21 Furthermore, evidence concerning the availability of other
22 properties may be relevant in the damages phase of trial, if any.

24 **PLAINTIFF'S MOTION IN LIMINE 5: To Exclude Evidence of the**
25 **Religious Beliefs of Others**

26 Plaintiff's motion is DENIED.  Plaintiff's motion mainly
27 discusses evidence concerning the Association of Christian Schools

2

International ("ACSI").  The parties agree that the religious beliefs of others are not relevant to the substantial burden issue.  However, Defendants may present evidence regarding ACSI for other appropriate purposes.

**PLAINTIFF'S MOTION IN LIMINE 6: To Exclude Evidence of Lawyers' Arguments**

Plaintiff's Motion is GRANTED as to Mark Gaither's statement on March 30, 2004: "And unfortunately, because your record is incorrect in multiple areas, I am going to beat you up before a Federal Judge."  The statement is not relevant evidence.

**PLAINTIFF'S MOTION IN LIMINE 7: To Exclude Hearsay Found in the EIRs or the Administrative Record**

Plaintiff's motion is DENIED, the parties should make hearsay objections on an individualized basis during trial.

**PLAINTIFF'S MOTION IN LIMINE 8: To Exclude Evidence of the Fate of the Application to Build a Subdivision on the Property Later Purchased by Redwood**

Plaintiff's motion is DENIED.  This evidence is potentially relevant to several issues, including the Defendants' motivations for denying Redwood's CUP application.  Furthermore, the EARP application is a proper comparator for Redwood, in the context of whether Defendants treated Plaintiff in a manner unequal to similarly situated entities.

//

**PLAINTIFF'S MOTION IN LIMINE 9: To Exclude Evidence of Irrelevant Information about Redwood's Counsel**

Plaintiff's motion is DENIED.  It is unnecessary to grant this motion because the parties should demonstrate civility and decorum during trial.

**PLAINTIFF'S MOTION IN LIMINE 10: To Exclude Expert Testimony About Matters Not Raised in Expert Witness Reports**

Plaintiff's motion is GRANTED to the extent this requires the parties to comply with Federal Rules of Civil Procedure 26 and 37.

**PLAINTIFF'S MOTION IN LIMINE 11: To Exclude Evidence of Expert Opinions That Have No Reliable Foundation**

Plaintiff has WITHDRAWN this motion.

**PLAINTIFF'S MOTION IN LIMINE 12: To Exclude References to Persons Who Are No Longer Parties to the Litigation**

Plaintiff's motion is DENIED.  Information regarding a witness' status as a former party is relevant to issues of his or her credibility.

**PLAINTIFF'S MOTION IN LIMINE 13: To Exclude Evidence of Previous Causes of Action**

Plaintiff's motion is GRANTED.  The dismissed causes of action are irrelevant and may not be presented by either side.
//
//

4

**PLAINTIFF'S MOTION IN LIMINE 14: To Exclude Evidence of the Availability of Attorneys' Fees under 42 U.S.C § 1998**

Plaintiff's motion is GRANTED. This evidence is irrelevant and would be unfairly prejudicial at trial.

**PLAINTIFF'S MOTION IN LIMINE 15: To Exclude Reference to Taxpayers' Liability for Damages Award**

Plaintiff's motion is GRANTED. This evidence is irrelevant.

**PLAINTIFF'S MOTION IN LIMINE 16: To Exclude Evidence of Defendants' Costs in Defending the Action**

Plaintiff's motion is GRANTED. This evidence is irrelevant.

**PLAINTIFF'S MOTION IN LIMINE 17: To Exclude Any Argument that the Outcome of this Litigation will have an Impact on Future Land Use Applications**

Plaintiff's motion is GRANTED. Such evidence or argument is irrelevant to the facts of this case.

**II.  DEFENDANTS' MOTIONS IN LIMINE**

**DEFENDANTS' MOTION IN LIMINE 1: To Exclude, Pursuant to C.C.P § 1094.5, All Evidence and Argument regarding Plaintiff's Constitutional and RLUIPA Theories**

Defendants' motion is DENIED. Though the Court's January 6, 2005 Order found that Defendants met the standards of § 1094.5, that conclusion does not resolve the issues presented by Plaintiff's RLUIPA and First Amendment claims.

5

**DEFENDANTS' MOTION IN LIMINE 2: To Exclude Plaintiff's Evidence of Incidental, Not Substantial Burdens**

Defendants' motion is DENIED in part and GRANTED in part. The Court will allow evidence concerning the shortcomings of Plaintiff's current facilities and Plaintiff's inability to secure adequate alternative facilities, which may be relevant at trial if Plaintiff can demonstrate that they constitute a substantial burden. However, as the Ninth Circuit explained in <u>San Jose Christian College v. City of Morgan Hill</u>, evidence concerning generally applicable costs, requirements, and political aspects of the CUP process, as a matter of law, are not substantial burdens on religious exercise. 360 F.3d at 1035. To demonstrate a substantial burden concerning the CUP process, Plaintiff will have to show significant irregularities or discrimination. The Congressional record reflects that RLIUPA was not intended to provide religious institutions with immunity from land use regulation and thus exempt Plaintiff from generally applicable burdens. <u>See</u> 146 Cong. Rec. S7776.

**DEFENDANTS' MOTION IN LIMINE 3: To Exclude All "Burden" Evidence Not Shown to the County During the Administrative Process**

Defendants' motion is DENIED. There is no legal authority to limit Plaintiff in this manner.

**DEFENDANTS' MOTION IN LIMINE 4: To Exclude Evidence Concerning Improper Comparators**

Defendants' motion is GRANTED in part and DENIED in part.

6

The Court finds that for all of Plaintiff's remaining claims under RLUIPA and the First Amendment, the proper inquiry is whether Defendants have treated Plaintiff in a manner unequal to similarly situated entities. See Ventura County Christian High School v. City of San Buenaventura, 233 F.Supp.2d 1241, 1246-47 (C.D. Cal. 2002); Guru Nanak Sikh Society of Yuba City v. County of Sutter, 326 F.Supp.2d 1140, 1155 (E.D. Cal. 2003).

In its January 14, 2003 Order, the Court noted that public schools and private schools like Redwood are not similarly situated in this case. Specifically, public schools go through an entirely different land use approval process based on state law. As a result, certain evidence must be excluded.

- First, the testimony of James L. Bush must be limited to discussing whether Redwood's property is an appropriate site for a school of the size in Redwood's CUP application; Mr. Bush may not present testimony which uses public schools as a comparator.

- Second, the letter from Robert J. Fisher to Bruce Johnson, dated September 11, 1997 is excluded because it discusses public school standards.

- Third, discussion of the Palomares School, a public school, is excluded.

- Fourth, discussion of the Alameda County Juvenile Hall is excluded, because similar to a public school, this institution was exempt from local land use laws under state law.

- Fifth, discussion of the Mata Amritanandamayi Center is excluded because it is a religious institution, which cannot be compared to another religious institution, such as Redwood, under RLUIPA.

By contrast, evidence concerning the Quarry Lane School, Stivers Country School, and Stivers Private School is admitted.

The parties' briefs do not contain sufficient information to

7

allow the Court to rule on the admissibility of evidence for the Five Canyons subdivision. In particular, the parties need to inform the Court of the location of the subdivision.

**DEFENDANTS' MOTION IN LIMINE 5: To Exclude Plaintiff's Evidence and Argument Regarding "Least Restrictive Means"**

Defendants' motion is DENIED. As discussed regarding Plaintiff's motion in limine 3, the parties have presented conflicting evidence as to whether Defendants used the least restrictive means when denying the CUP. It will be up to the jury to determine the issue.

**DEFENDANTS' MOTION IN LIMINE 6: To Exclude Certain Deposition Testimony of Gerald Wallace**

Defendants' motion is GRANTED, the word "crapshoot" may not be used outside of the context in which it arose. In his deposition, Mr. Wallace was asked to describe the situation faced by a hypothetical CUP applicant walking up to the front desk of the Castro Valley planning department to get an estimate of the chances of being granted a CUP. Mr. Wallace was describing the ability of a County official to predict the outcome of the CUP process prior to a full review of the application. Mr. Wallace did not directly describe the CUP process as a "crapshoot," rather he answered in the affirmative when asked whether this was a fair way to describe the process. Plaintiff is only allowed to present the entire exchange in which this phrase is contained, Deposition of Gerald Robert Wallace, page 87:18 to 88:17.

**DEFENDANTS' MOTION IN LIMINE 7: To Exclude Redwood's Facial Claims, Constitutional Claims, and RLUIPA "Equal Terms" and "Unreasonable Limitation" Claims**

Defendants' motion is GRANTED with respect to Redwood's facial and procedural due process claims and DENIED with respect to all other remaining claims.

In the Ninth Circuit, "a facial challenge to the constitutionality of a statute is a question of law." United States v. Bynum, 327 F.3d 986, 990 (9th Cir. 2003). To violate RLUIPA or the First Amendment, the County's ordinances must treat religious assemblies and institutions "on less than equal terms with non-religious assemblies and institutions." Guru Nanak, 326 F.Supp.2d at 1155 (quoting RLUIPA). The ordinances at issue in this case allow, as permitted uses, family dwellings, field crops, orchards, gardens, and small numbers of animals. Alameda County General Code § 17.08.030, 17.26.030. The specified conditional uses, which require a CUP, include a "community facility" and a "community clubhouse." Id. at § 17.08.040. Any entity that qualifies as a conditional use in these districts requires a CUP, regardless of its status as a religious or non-religious institution. As such, there is no basis for a challenge that the regulations on their face discriminate against religious assemblies and institutions. Therefore, Plaintiff's facial challenges under RLUIPA and the First Amendment are DISMISSED. Plaintiff's as-applied challenges will proceed to trial.

//

//

Upon further review of the legal standards and evidence presented, the Court hereby DISMISSES Plaintiffs' Twelfth Cause of Action, violation of the Fourteenth Amendment's Due Process clause under a procedural due process theory. Plaintiffs recently notified the Court that they were no longer pursuing relief under a substantive due process theory, leaving procedural due process as the only remaining theory under the Twelfth Cause of Action.

Procedural due process claims require (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Hufford v. McEnaney, 249 F.3d 1142, 1150 (9th Cir. 2001).

In the zoning context, the protected property interest requires Plaintiff to demonstrate a "legitimate claim of entitlement to the zoning for commercial use created by an independent source such as state law." Buckles v. King County, 191 F.3d 1127, 1137 (9th Cir. 1999). Plaintiff has not demonstrated that it has a legitimate claim of entitlement to build the school on its property. In order to build a school on the property, which was not zoned for that purpose, Redwood requires a CUP, which may be granted by the County subject to various factors.

Even if Plaintiff could demonstrate a legitimate claim of entitlement, it has not shown a denial of adequate procedural protections. The procedure necessary to satisfy due process is

//
//
//

10

guided by the three-part balancing test described in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Mathews requires consideration of: "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest." Id. at 334. In this Court's January 6, 2005 Order, it found that Defendants acted within the scope of their jurisdiction and held the proper hearings in considering Plaintiff's CUP application. Plaintiff has not presented sufficient evidence to show that these procedures, which are generally applicable zoning regulations, violate procedural due process. Plaintiff still has the ability to raise related issues in the context of its RLUIPA claims. As discussed, Plaintiff's procedural due process claim, the Twelfth Cause of Action is DISMISSED.

**DEFENDANTS' MOTION IN LIMINE 8: To Exclude Certain Damages Evidence**

Defendants' motion is GRANTED in part and DENIED in part. RLUIPA states that "[a] person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a) (emphasis added). While courts agree that declaratory and
//
//
//

11

injunctive relief are available under RLUIPA, the issue of damages is an open question. See Guru Nanak, 326 F.Supp.2d at 1162.

In Franklin v. Gwinnett County Public Schools, 503 U.S. 60, 70-71 (1992), the Supreme Court held, in the context of a Title IX claim, that damages are available when a federal statute is silent as to their availability. However, in the Ninth Circuit, Franklin has been construed narrowly, to allow damages only for intentional violations when the statute is silent as to their availability. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998).

Moreover, "[a]bsent other reference, the only possible interpretation [of "appropriate relief"] is that the relief is to be 'appropriate' in light of the purpose of the Act." School Committee of Burlington, Mass. v. Department of Education, 471 U.S. 359, 369 (1985) (discussing the Education of the Handicapped Act). The Congressional Record indicates that the purpose of RLUIPA is to alleviate discrimination against religious institutions in land use proceedings. See 146 Cong. Rec. S7774-01 (Joint statement of Senators Hatch and Kennedy). This purpose is served by empowering the courts to step in and correct the zoning process when it improperly discriminates against religious institutions. In an analogous situation involving the term "appropriate relief" in the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(e)(2), the Ninth Circuit held that damages were not available because the statute was designed "to

//
//
//

12

1 enforce and supplement the administrative procedures." <u>Witte v.</u>
2 <u>Clark County School District</u>, 197 F.3d 1271, 1275 (9th Cir. 1999).
3 Analogously, in light of the text and purpose of RLUIPA, this
4 court finds that compensatory damages are only available upon a
5 finding of an intentional violation of RLUIPA by the jury.
6 Otherwise, the appropriate remedy for a violation will be
7 injunctive or declaratory relief.
8     As for Defendants' other requests, evidence of damages
9 allegedly flowing from Measure D are excluded. This is because
10 the County cannot be responsible for any damages caused by others
11 and Measure D was passed by the voters of Alameda County, and thus
12 involved no action by Defendants. Defendants also argued that
13 allowing damages related to the increased cost of building a
14 school would amount to double recovery if Redwood could also
15 recover damages from Measure D. As damages from Measure D are
16 excluded, there is no chance of double recovery. Therefore,
17 evidence of the allegedly increased cost of building a school is
18 hereby admitted for the damages phase of trial.
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

Finally, as discussed in reference to Defendants' motion in limine 2, the generally applicable costs that Redwood incurred in pursuing the CUP are inappropriate under RLUIPA. See Guru Nanak, 326 F.Supp.2d at 1162.

IT IS SO ORDERED.

Date:   January 26, 2007    _____
                             UNITED STATES DISTRICT JUDGE