UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| REDWOOD CHRISTIAN SCHOOLS,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | No. C-01-4282 SC<br><br>ORDER GRANTING<br>DEFENDANTS' MOTION<br>FOR JUDGMENT AS A<br>MATTER OF LAW:<br>UNREASONABLE<br>LIMITATION AND FIRST<br>AMENDMENT CLAIMS |

### I. INTRODUCTION

On February 22, 2007, upon the close of Plaintiff Redwood Christian Schools' ("Plaintiff" or "Redwood") case, Defendants the County of Alameda et al. ("Defendants" or "the County") moved for Judgment as a Matter of Law under Rule 50 of the Federal Rules of Civil Procedure as to all claims except Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") Substantial Burden claim. Upon considering the submissions and arguments of counsel for both parties, the Court GRANTED Defendants' Motion as to Plaintiff's three First Amendment claims and DISMISSED those claims, but DENIED the Motion as to Plaintiff's other claims.

On February 26, 2007, upon the close of all the evidence in the case, Defendants renewed their Rule 50 Motion as to all remaining claims and the Court GRANTED Defendants' Motion as to Plaintiff's RLUIPA Unreasonable Limitation claim and DISMISSED that claim, but DENIED the Motion as it related to Plaintiff's two remaining claims, which were presented to the jury. In both

instances, the Court ruled from the bench and notified the parties that a written order explaining the Court's reasoning would be forthcoming.

## II. BACKGROUND

The Court has issued numerous orders in this case explaining the relevant facts; familiarity with those orders is assumed. In short, Redwood applied to the County for a Conditional Use Permit ("CUP") to build a 650-student combined junior-senior high school on property located in an unincorporated area of Alameda County. The property, in the Palomares Canyon area of Castro Valley, was comprised of several individual parcels of land that Redwood had purchased in a series of transactions. Redwood required a CUP to develop the site. After the Alameda County Municipal Advisory Committee, Planning Commission, and Board of Supervisors all denied the application, Redwood sued in federal court. Six claims proceeded to trial, including Redwood's claims that the CUP denial violated its civil rights under the First Amendment to the United States Constitution and RLUIPA.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 50(a) states:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

2

1   Fed. R. Civ. P. 50(a). Judgment as a matter of law "is
2   proper if the evidence, construed in the light most favorable
3   to the nonmoving party, permits only one reasonable
4   conclusion. . . ." <u>Vollrath Co. v. Sammi Corp.</u>, 9 F.3d 1455,
5   1460 (9th Cir. 1993). "If reasonable minds could differ as
6   to the import of the evidence, however, a verdict should not
7   be directed." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242,
8   250-51 (1986). Indeed, "[i]f conflicting inferences may be
9   drawn from the facts, the case must go to the jury." <u>Pierce
10  v. Multnomah County, Or.</u>, 76 F.3d 1032, 1037 (9th Cir. 1996)
11  (quoting <u>Rutherford v. City of Berkeley</u>, 780 F.2d 1444, 1448
12  (9th Cir. 1986)).

14  **IV. DISCUSSION**
15  **A. Redwood's First Amendment Claims**
16  During its case, Redwood failed to present sufficient
17  evidence such that a reasonable jury could have found in Redwood's
18  favor on any of its three First Amendment claims. Regarding all
19  three of Redwood's First Amendment claims, as the Court ruled from
20  the bench, Plaintiff failed to present any evidence of Defendants'
21  intent to violate Redwood's First Amendment rights. One of the
22  few jointly submitted proposed jury instructions included the
23  elements and burdens of proof for Plaintiff's first amendment
24  claims under 42 U.S.C. § 1983. The first element stated that
25  Redwood had the burden of proving that "the acts or omissions of
26  the County were intentional." <u>See</u> Docket No. 364, Part 7,
27  Plaintiff's Proposed Liability Instructions, 7. Despite this,

3

during oral argument, Plaintiff urged the Court not to grant Defendants' Rule 50 Motion as to Plaintiff's First Amendment claims on the ground that § 1983 does not require a showing of specific intent. In support, Plaintiff cited Caballero v. City of Concord for the Ninth Circuit's statement that "specific intent is not a prerequisite to liability under § 1983." 956 F.2d 204, 206 (9th Cir. 1992). While correct, Plaintiff failed to add that the state-of-mind requirements for § 1983 claims are the same as those for the underlying constitutional or statutory violations. See Daniels v. Williams, 474 U.S. 327, 330 (1986); Baker v. McCollan, 443 U.S. 137, 140 & n. 3 (1979). For First Amendment violations, Redwood must prove that the County intended to interfere with Redwood's First Amendment rights.

> In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct.

Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotations omitted). Therefore, Plaintiff's last-minute attempt to reverse its previous statement regarding the intent required for the § 1983 claims was misguided. See San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1031-33 (9th Cir. 2004) (discussing whether intent had been shown by the plaintiff for each First Amendment claim).

Regarding Redwood's free exercise claim, no reasonable jury could conclude that the evidence at trial demonstrated an aim by the County to restrict Redwood's religious practices because of their religious motivation or impose burdens only on conduct

4

motivated by religion.  See id. at 1031-32.  Moreover, regarding Redwood's free speech claim, as in San Jose Christian:

> The record reflects no indication that the City's action was motivated by the City's disdain of College's religious orientation, or by the message to be communicated to the students/parishioners at the Property.  Thus, no viable impingement of speech claim has been asserted.

360 F.3d at 1032 (emphasis in original).  At trial, the evidence and witnesses all point to the conclusion that the County harbored no disdain for Redwood's religious orientation or message.  The same holds true for Redwood's free association claim.

Redwood has thus failed to present any evidence to demonstrate the requisite level of intent for each of its First Amendment claims and for that reason each claim fails. Additionally, each of Redwood's First Amendment claims fails for reasons specific to each claim, as discussed below.

**1. Redwood's Free Exercise Claim**

Prior to trial, the Court ruled that the Alameda County zoning ordinances were neutral and of general applicability.  See Docket No. 239; No. 351 at 9.  Thus, under Supreme Court and Ninth Circuit precedent, rational basis review applies.  See Employment Div., Oregon Dep't of Human Resources v. Smith, 494 U.S. 872, 876-77 (1990); Miller v. Reed, 176 F.3d 1202, 1206 (9th Cir. 1999). As the Ninth Circuit summarized, "[i]f the zoning law is of general application and is not targeted at religion, it is subject only to rational basis scrutiny, even though it may have an incidental effect of burdening religion."  San Jose Christian, 360 F.3d at 1031.

Despite arguing that the County abridged its First Amendment

5

right to the free exercise of religion, Redwood failed to present any evidence that the challenged law was neither neutral nor generally applicable. A law is neutral and generally applicable "if it does not aim to 'infringe upon or restrict practices because of their religious motivation,' and if it does not 'in a selective manner impose burdens only on conduct motivated by religious belief.'" Id. at 1031 (quoting Church of the Lukumi Babalu Aye, Inc. v City of Hialeah, 508 U.S. 520, 533, 543 (1993). Similar to a prior Ninth Circuit RLUIPA case, in the record of this case "there is not even a hint that [Redwood] was targeted on the basis of religion for varying treatment in the City's application of the ordinance." San Jose Christian, 360 F.3d at 1032. The County employees testified that they were solely concerned with the impact of the proposed school on the land and neighborhood; they were not concerned with the fact that Redwood was religiously oriented. Furthermore, both Gus Enderlin and Bruce Johnson from Redwood admitted on cross-examination that they had seen no indication that the County denied the project due to Redwood's religious goals. As such, any impact on Redwood's free exercise of religion was an unintentional and incidental burden and thus is subject to rational basis review.

Applying rational basis review, Redwood's facial attack on the County's neutral ordinances fails because Redwood did not present any evidence that the ordinances were not rationally related to the County's stated legitimate interests in maintaining a fair and coherent system of zoning laws, protecting the rural character of the Palomares Canyon area, or controlling the impact

1  of noise and traffic.

## 2. Redwood's Free Association Claim

Redwood also asserted that the County's denial of the CUP application violated its First Amendment right to free association. Again, the Ninth Circuit speaks clearly in <u>San Jose Christian</u>:

> Admittedly, the [CUP] ordinance and the City's enforcement thereof render College unable to provide education and/or worship <u>at the Property</u>. But the fact that the church's congregants cannot assemble at that precise location does not equate to a denial of assembly altogether.

360 F.3d at 1033 (emphasis in original). Redwood's situation is remarkably similar to that in <u>San Jose Christian</u>. Though the County's denial of the CUP application prevented Redwood from building a school on the Palomares Canyon property, Redwood was, and still is, operating a school at the Martin Site, also located in Alameda County. To this day, Redwood is able to assemble their student body for various forms of religious exercise. Redwood's main complaint is that they would rather assemble in a school building at the Palomares Canyon property, but this does not rise to the level of a free association violation. Thus, Redwood has failed to present any evidence that the County's denial of the CUP application caused a "significant interference with the freedom of association of their members." <u>Bates v. City of Little Rock</u>, 361 U.S. 516, 523 (1960). Consistent with Supreme Court and Ninth Circuit precedent, the County's actions do not equate to a violation of Redwood's First Amendment right to freedom of association.

//

7

### 3. Redwood's Free Speech Claim

Redwood also argued that the County violated Redwood's First Amendment right to freedom of speech. As explained in the Court's prior order denying Redwood's Motion for Reconsideration and its order granting the County's Motion in Limine No. 7, the zoning ordinances in question do not grant County officials unbridled or standardless discretion to prohibit Redwood's expressive activity and thus do not implicate the First Amendment on those grounds. See Docket Nos. 239, 351.

In addition, Alameda County's zoning ordinances neither regulate speech nor operate as a pretext for suppressing expression. The ordinances are materially dissimilar from those at issue in the Supreme Court's free speech jurisprudence, such as City of Renton v. Playtime Theatres, where the laws prohibited a particular type of speech in certain locations. See 475 U.S. 41, 43 (1986). The language of Alameda County's zoning ordinances and CUP application criteria contain no content-based orientation and Redwood presented no evidence that they are used as a pretext for suppressing expression. Rather, the ordinances and criteria are content-neutral "time, place and manner" restrictions, which have "long been held to be permissible." San Jose Christian, 360 F.3d at 1033 (quoting Howard v. City of Burlingame, 937 F.2d 1376, 1381 (9th Cir. 1991). If an ordinance "is content-neutral, it will be upheld against a First Amendment challenge so long as it furthers a substantial governmental interest and does not unreasonably limit alternative avenues of communication." Johnson v. City of Pleasanton, 982 F.2d 350, 353 (9th Cir. 1992), citing City of

8

1  Renton, 475 U.S. at 47.  The zoning ordinances further the
2  County's stated substantial governmental interests in controlling
3  excessive noise and vehicular traffic, preserving the rural
4  character of the Palomares Canyon area, and maintaining a coherent
5  land use plan.  The ordinances do not unreasonably limit
6  alternative avenues of communication because Redwood currently
7  operates a school at the Martin Site where it has the ability to
8  express its views, and could do so elsewhere in the County if it
9  desired.
10      Therefore, Redwood failed to present sufficient evidence
11  such that a reasonable jury could conclude that the County
12  violated Redwood's right to freedom of expression.

### B. Redwood's RLUIPA Unreasonable Limitation Claim

14      After the conclusion of their case, but prior to closing
15  arguments and jury deliberations, Defendants renewed their Rule 50
16  Motion for Judgment as a Matter of Law.  The Court granted
17  Defendants' Motion on the RLUIPA Unreasonable Limitation claim and
18  dismissed that claim.
19      During trial and in their jury instructions, Redwood
20  presented their RLUIPA Unreasonable Limitation claim as an
21  argument that the County's land use regulations gave unbridled
22  discretion to the Planning Commission and Board of Supervisors.
23  See Docket No. 364, Part 7, Plaintiff's Proposed Liability
24  Instructions at 11-12.  Redwood asserted that the land use
25  regulations were vague and imprecise, arbitrary, and conferred
26  standardless discretion on the decision-makers.  All three of
27  these arguments facially attack the regulations.  Thus, Redwood

9

restated claims that this Court had already dismissed prior to trial. See Docket No. 351, Order Regarding Motions in Limine, 9. In addition, in this Court's Order dismissing Plaintiff's state law § 1094.5 claim, the Court found that the County had given Redwood due process of law by following the proper procedures and making appropriate findings. See Docket No. 123.

Regardless of how Redwood presented its claim, however, there is no evidence to support a RLUIPA Unreasonable Limitation claim in this case. After extensive review of the Alameda County ordinances, the Court determined that the County's land use laws are facially neutral and contain narrowly drawn standards for the decision-makers to use in evaluating Conditional Use Permits. See Docket No. 351 at 9. The County's discretion is narrowly circumscribed by the applicable zoning regulations and the four criteria for granting a CUP, which set forth the various factors the Alameda County regulatory bodies use in making their decisions.

Furthermore, Redwood presented no evidence that the County's regulations or actions unreasonably limited "religious assemblies, institutions, or structures within a jurisdiction" as required to prevail under this provision of RLUIPA. See 42 U.S.C. 2000cc(b)(3)(B) (emphasis added). As discussed previously, though Redwood was not permitted to build at the Palomares Canyon site, it operates a school at the Martin Site, also in Alameda County. Redwood has been granted several CUPs to make improvements to the Martin Site and would be eligible for a CUP at various other sites in the County where it might choose to move in the future.

**V.    CONCLUSION**

For the reasons discussed herein, at trial the Court GRANTED Defendants' Rule 50 Motion for Judgment as a Matter of Law with respect to Plaintiff's First Amendment claims and RLUIPA Unreasonable Limitation claim and DISMISSED those four claims prior to submission of the case to the jury.  For each of those claims, Plaintiff failed to present evidence such that a reasonable jury would have a legally sufficient evidentiary basis to find in Plaintiff's favor.

IT IS SO ORDERED.

Dated: March 8, 2007

UNITED STATES DISTRICT JUDGE

11