UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REDWOOD CHRISTIAN SCHOOLS,          )     No. C-01-4282 SC
                                    )
          Plaintiff,                )     ORDER DENYING
                                    )     PLAINTIFF'S RENEWED
     v.                             )     MOTION FOR JUDGMENT
                                    )     AS A MATTER OF LAW
COUNTY OF ALAMEDA, <u>et al.</u>,   )     AND MOTION FOR NEW
                                    )     <u>TRIAL</u>
          Defendants.               )
                                    )

I.    **INTRODUCTION**

     Presently before the Court is a renewed motion by Plaintiff
Redwood Christian Schools ("Plaintiff" or "Redwood") for judgment
as a matter of law on Defendants' strict scrutiny defense under
Rule 50(b) and a motion for a new trial under Rule 59 of the
Federal Rules of Civil Procedure.  <u>See</u> Docket No. 416.  Defendants
County of Alameda and Alameda County Board of Supervisors
("Defendants" or "County") opposed the motion and Plaintiff filed
a reply.  <u>See</u> Docket Nos. 424, 426.

     For the reasons discussed herein, Plaintiff's motion for
judgment as a matter of law and for a new trial is DENIED.


II.   **BACKGROUND**

     The Court has issued numerous orders in this case explaining
the relevant facts; familiarity with those orders is assumed.  In

short, Redwood applied to the County for a Conditional Use Permit ("CUP") to build a 650-student combined junior-senior high school on property located in an unincorporated area of Alameda County. The property, in the Palomares Canyon area of Castro Valley, was comprised of several individual parcels of land that Redwood had purchased in a series of transactions.  Pursuant to local zoning ordinances, Redwood needed a CUP to develop the site.  After the Alameda County Municipal Advisory Committee, Planning Commission, and Board of Supervisors all denied the application, Redwood sued in federal court.

## III.  **LEGAL STANDARD**

Under Rule 50(b) of the Federal Rules of Civil Procedure:

If the court does not grant a motion for judgment as a matter of law made under subdivision (a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion.  The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after the entry of judgment . . .

Under Rule 59 of the Federal Rules of Civil Procedure:

(a) Grounds.  A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . .

## IV.  **DISCUSSION**

At trial, the Court submitted two causes of action to the jury under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"): Plaintiff's RLUIPA Substantial Burden claim, 42 U.S.C. § 2000cc(a), and Plaintiff's RLUIPA Equal Terms claim, 42

2

U.S.C. § 2000cc(b)(1).  The jury returned a unanimous verdict in favor of Defendants.  Redwood's motion only addresses the RLUIPA Substantial Burden claim, Redwood does not seek judgment as a matter of law or a new trial on its Equal Terms claim.

Redwood's motion also does not address whether the County's denial of the CUP imposed a substantial burden on Redwood's exercise of religion, an issue on which Redwood bore the burden of proof at trial.  Under RLUIPA, if Redwood had proven its substantial burden case by a preponderance of the evidence, the County would then have to prove that (1) the County was furthering a compelling governmental interest, and (2) it was doing so by the least restrictive means.  See San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004).

The jury instructions provided a step-by-step description of how to arrive at the verdict in this case.  The instructions were crafted after the Court considered the voluminous submissions of both parties, who agreed on only a page or two out of thirty pages of instructions.  See Docket No. 364, Exs. 1-18.  In addition, the Court's verdict form was written after hearing debate on whether Plaintiff's or Defendants' form should be used.  Plaintiff submitted a general jury verdict form, listing its various causes of action and asking the jury whether it found for Plaintiff on each claim.  See Docket No. 425, Kent Decl., Ex. H.  Defendants submitted a detailed verdict form, walking through the elements of each cause of action.  See id., Ex. G.  At trial, the Court used a general verdict form.  See Docket No. 412.  In short, Plaintiff requested a general verdict form and now seeks to reverse the

United States District Court
For the Northern District of California

1  unanimous jury verdict because the form does not indicate the

2  basis for the jury's ruling.

3      **A.   Renewed Judgment as a Matter of Law**

4      At the close of the case, Redwood moved for judgment as a

5  matter of law.  In the present motion, Redwood renews that motion

6  and asks the Court to rule that the County's affirmative defense

7  under RLUIPA, 42 U.S.C. § 2000cc(a)(1)(A) and (B), fails as a

8  matter of law.  Redwood asserts that when the County denied

9  Redwood's CUP application, the County's stated interests were not

10 compelling and the County failed to use the least restrictive

11 means of furthering its interests.  Contrary to Redwood's

12 contentions, the County presented substantial and convincing

13 evidence that it acted in furtherance of compelling governmental

14 interests and used the least restrictive means of furthering those

15 interests.  The Court finds that the issues raised by Plaintiff

16 are not sufficient to invalidate the jury verdict.  Rule 61

17 instructs the Court to vacate an order or judgment in the event it

18 is inconsistent with substantial justice.  <u>See</u> Fed. R. Civ. P. 61.

19 None of the issues raised by Redwood demonstrate that the jury

20 verdict is inconsistent with substantial justice and thus the

21 Court denies Redwood's motion.

22     Under RLUIPA, the jury would only reach the County's

23 statutory defense if Redwood proved that the County imposed a

24 substantial burden on its exercise of religion.  <u>See</u> <u>San Jose</u>

25 <u>Christian</u>, 360 F.3d at 1034.  The first concern of the jury in

26 following the Court's instructions was the "substantial burden on

27 religious exercise" issue.  That issue was conclusively determined

28                                  4

**United States District Court**
For the Northern District of California

1   by the jury in their general verdict for the Defendants.  At the

2   time the verdict form and jury instructions were discussed,

3   Redwood wanted the instructions to include pages on the compelling

4   governmental interest and least restrictive means analysis.  Now

5   that the jury has found in Defendants' favor, Plaintiff asks the

6   Court to determine these issues in its favor.  The Court will not

7   vacate the jury verdict on this basis because there is substantial

8   evidence to support Defendants' theory that it denied the CUP

9   after considering its compelling interests in promoting

10  consistency of land use, preserving open space, curbing noise,

11  regulating traffic, facilitating public transportation, and

12  preserving historic structures.  Testimony from members of the

13  Board of Supervisors and documents contained in the administrative

14  record established that the County had legitimate and compelling

15  interests related to Redwood's proposal.

16      Redwood also asserts that the County failed to use the least

17  restrictive means of furthering its interests.  Redwood argues

18  that the County used the most restrictive means, not the least,

19  because the County denied the permit instead of approving one

20  conditioned upon lower enrollment at the school.  However,

21  Redwood's CUP application called for a 650-student school and

22  Redwood never changed its application or stated that it would

23  accept a lower number.  Indeed, the County presented evidence

24  during the cross-examination of Gus Enderlin and Bruce Johnson

25  that Redwood failed to compromise during the application process.

26  See Kent Decl., Ex. A, 124:12-21; Ex. B, 51:11-14.

27      Defendants presented substantial and convincing evidence that

28

5

**United States District Court**
For the Northern District of California

they used the least restrictive means.   The evidence showed that on October 4, 2001, the County Board of Supervisors heard and denied Redwood's appeal from the Planning Commission's rejection of Redwood's CUP application.   <u>See</u> <u>id.</u>, Ex. J, AR 5434.   Prior to that meeting, the Board considered at least seven alternatives, four of which accommodated 650 students, and three of which planned for reduced enrollments of 425, 225, and 80 students.   <u>See</u> <u>id.</u>   At the October 4 hearing, Peter Smith, speaking on behalf of Redwood, stated that only Option 2-A with over 100,000 square feet of facilities and 650 students was acceptable.   <u>See</u> Kent Decl., Ex. K.   Redwood never told the Board of Supervisors that it was willing to compromise on the enrollment for the proposed school.   <u>See</u> <u>id.</u>, Ex. A, 124:12-21; Ex. B, 51:11-14.   In light of the substantial evidence that Redwood would not accept anything less than a school with 650 students and over 100,000 square feet of space, the County used the least restrictive means to further its interests by carefully considering the options before denying Redwood's CUP application.   The Court will not rule in Redwood's favor because Redwood abdicated its responsibility to negotiate with the County.   The Court would have found what the jury found, if the jury reached the affirmative defense instructions- the County used the least restrictive means in furtherance of its compelling governmental interests.

> B.   <u>**Motion for a New Trial**</u>

Plaintiff also moves for a new trial under Rule 59.   Redwood argues that "[s]ince the jury instructions allowed the jury to return a verdict in favor of the County based upon a strict

6

scrutiny defense that should have been rejected as a matter of law, Redwood was prejudiced, and the verdict is infirm." Pl.'s Mot., 3.  In support, Redwood cites the general rule that "a general jury verdict will be upheld only if there is substantial evidence to support each and every theory of liability submitted to the jury." Portland Feminist Women's Health Center v. Advocates for Life, Inc., 62 F.3d 280, 285-86 (9th Cir. 1994) (internal quotation omitted).  As discussed earlier, there is substantial evidence to support Defendants' theories that it had compelling governmental interests and used the least restrictive means to further those interests.  Furthermore, there is substantial evidence to support Defendants' theory that it did not impose a substantial burden on Redwood's religious exercise by denying the CUP application.  See Kent Decl., Ex. A, 131:10-15; Ex. B, 91:17-19; Ex. C, AR 5122; Ex. D, RCS 020897; Ex. E, RCS 017640-41; Ex. F, RCS 007228-29.  The evidence showed that Redwood's current site was adequate for education and prayer, the school did not face an imminent threat of closure, and alternative school sites were available for lease or purchase.

Redwood now argues that the RLUIPA affirmative defense was improperly submitted to the jury because it should have been decided by the Court as a matter of law.  However, prior to and during trial, the parties argued that there were material factual disputes as to whether the County had compelling interests and whether the County used the least restrictive means in furtherance of those interests.  For instance, there was dispute as to the existence and severity of traffic, noise, and other zoning

considerations at the site.  In addition, there was dispute as to whether Redwood or the County had ruled out the numerous alternative plans presented to the Board of Supervisors.  Thus, the theory of liability submitted to the jury under RLUIPA was proper.

Having considered the submissions of both parties and the trial testimony and evidence, the Court would have found what the jury found, that the County's denial of Redwood's CUP application did not impose a substantial burden on Redwood's religious exercise.  Redwood is capable of engaging in religious exercise at its current site, which is also located in Alameda County. Moreover, even if Redwood demonstrated a substantial burden, the County presented substantial evidence that it used the least restrictive means of furthering its compelling interests.

**V.    CONCLUSION**

For the reasons discussed herein, Plaintiff's motion for judgment as a matter of law and for a new trial is DENIED.


IT IS SO ORDERED.


Dated: July 9, 2007

_____
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

8